QUESTIONS:
1. Do you interpret the legislative intent of Ch. 72-339, Laws of Florida [which enacted s. 320.0815, F.S.], to be that recreational vehicles shall be licensed annually, regardless of usage?
2. If the above answer is in the affirmative, why did the Division of Motor Vehicles wait some three months after the effective date of Ch. 72-339 to implement the statute?
SUMMARY:
Motor vehicles, as defined by s. 320.01, F.S., including recreational vehicle-type units, are subject to an annual license tax as provided by Ch. 320, F.S., in lieu of ad valorem taxes regardless of their use unless they are permanently affixed to land and taxed as real property. If a particular unit is not within the statutory definition of motor vehicle it would be subject to ad valorem taxation as tangible personal property.
Your first question is answered in the affirmative, and your second question is answered in the following discussion.
A memorandum dated September 29, 1972, was sent by the chief of the Title and Lien Services and the chief of Registration Services of the Division of Motor Vehicles, Department of Highway Safety and Motor Vehicles to the tax collectors, tag agents, motor vehicle district supervisors, and inspectors. The memorandum provided, in pertinent part:
"Effective Monday, October 16, 1972, no application for an original or transfer of Florida Certificate of Title, dated October 16, 1972, or thereafter, covering any Recreational Vehicle may be accepted unless the current "RV" license plate number assigned to the vehicle is shown in the appropriate space on the application. . . ."
In addition, the last paragraph of the memorandum provided:
"Under Section 320.0815 F.S., Mobile Homes and Recreational Vehicles are required to have either "MH", "RP", or "RV" tags attached. Recreational Vehicles are subject to registration tax whether they are used or not." (Emphasis supplied.)
Article VII, s. 1(b), State Const., provides:
"(b) Motor vehicles, boats, airplanes, trailers, trailer coaches and mobile homes, as defined by law, shall be subject to a license tax for their operation in the amounts and for the purposes prescribed by law, but shall not be subject to ad valorem taxes.
The equivalent provisions in the 1885 Florida Constitution were contained in s. 13 of Art. IX, as amended, which provided:
"Motor vehicles, as property, shall be subject to only one form of taxation which shall be a license tax for the operation of such motor vehicles, which license tax shall be in such amount and levied for such purpose as the legislature may, by law, provide, and shall be in lieu of all ad valorem taxes assessable against motor vehicles as personal property.
"Motor vehicles" as that term is used herein also includes mobile homes, trailer coaches, house trailers, camper type mobile homes mounted and transported wholly upon the body of a self-propelled vehicle, or any type of trailer or vehicle body without independent motive power drawn by or carried upon a self-propelled vehicle designed for and used either as a means of transporting persons or property over the public streets and highways of this state or for furnishing housing accommodations, or both; provided, however, any included vehicle herein shall be subject to a license tax as an operable motor vehicle regardless of its actual use unless the included vehicle is permanently affixed to the land, in which case it shall be taxable as real property. (Emphasis supplied.)
Although the requirement that motor vehicles be licensed annually regardless of use, unless permanently affixed to land and taxed as real property, see AGO's 069-33 and 071-365, provided by Art. IX, s. 13, State Const. 1885, was carried over as statutory law pursuant to Art. XII, s. 10, State Const., in 1970 the legislature enacted s. 320.015, F.S. 1971, to provide:
"A motor vehicle, as defined in s. 320.01(1)(b), shall be subject to a license tax as an operable motor vehicle regardless of its actual use unless the vehicle is permanently affixed to the land and taxed as real property. . . ." (Emphasis supplied.)
Section 320.015, F.S. 1971, was amended by s. 2, Ch. 72-339, Laws of Florida, to provide, in pertinent part: "A mobile home, as defined in Section 320.01(2), regardless of its actual use, shall be subject only to a license tax except if classified and taxed as real property. . . ." (Emphasis supplied.) Section 1 of Ch. 72-339 amended s. 320.01, F.S., to provide more explicative definitions of "recreational vehicle-type units" [s. 320.01(1)(b)] and "mobile homes"[s. 320.01(2)].
The question then arises as to whether the amendment to s.320.015, F.S. 1971, made by s. 2 of Ch. 72-339, supra, which refers only to mobile homes has the effect of changing the annual license tax requirement with regard to other types of motor vehicles, including recreational vehicle-type units. In my opinion, it does not.
Section 5 of Ch. 72-339, supra, amended s. 320.0815, F.S., to provide, in pertinent part:
"Mobile homes and recreational vehicles licensed under Section320.08(8)(d) and (e), Florida Statutes, shall be issued series "MH" and "RV" plates, respectively, in the manner and at the fees therein prescribed. Mobile homes or recreational vehicles which are permanently affixed to the land and taxed as real property shall be issued "RP" series license plates. . . ." (Emphasis supplied.)
Section 3 of Ch. 72-339, supra, amended s. 320.08, F.S., to provide, in pertinent part:
"There are hereby levied and imposed annual license taxes for the operation of motor vehicles and mobile homes, as defined in Section 320.01 [including "recreational vehicle-type units"], which shall be paid to and collected by the department upon the registration or reregistration of the following: * * * * * (8) Trailers for private use. — * * * * * (e) "RV" Series: Recreational vehicle-type units primarily designed as temporary living quarters for recreational, camping or travel use, as defined by Section 320.01(1)(b), other than "MH" series mobile homes: [Fee schedule is set out but later amended by Ch. 73-197, Laws of Florida] * * * * *
In addition, s. 4 of Ch. 72-339, supra, amended s. 320.081(1), F.S., to provide, in pertinent part:
"(1) The annual license fees prescribed in Section 320.08(8)(d) and (e), Florida Statutes, shall be in lieu of ad valorem taxes, and a suitable license plate shall be issued to evidence payment thereof. . ." (Emphasis supplied.)
Further support for the position that recreational vehicle-type units are subject to annual license tax, regardless of use, unless permanently affixed to land and taxed as real property, is found in ss. 320.02 and 320.07(1), F.S. 1971 [both sections were amended by Ch. 73-284, Laws of Florida, but no changes were made to the relevant portions quoted below]. Section 320.02 provides in pertinent part:
"Every owner, or person in charge of a motor vehicle, trailer, semi-trailer, or motorcycle sidecar, which shall be operated or driven upon the highways of the state, or which shall be maintained in this state, shall for each such vehicle so owned, cause to be filed by mail or otherwise, in the office of the department, a certified application for registration of same on a blank to be furnished for that purpose . . . ." (Emphasis supplied.)
Section 320.07(1) provides in part:
"(1) Such registration shall be renewed annually upon the payment of the annual fee as provided in s. 320.08, such renewal to take effect on July 1 of each year. . . ." (Emphasis supplied.)
Considering the above-cited statutes in pari materia, see 30 Fla. Jur. Statutes ss. 107 and 108, it appears that motor vehicles, as defined by s. 320.01, F.S., including recreational vehicle-type units, are subject to the annual license tax provided by Ch. 320, F.S., regardless of their actual use, unless they have been permanently affixed to the land and taxed as real property.
It should be noted that Art. VII, s. 1(b), State Const., provides not only that motor vehicles, as defined by law, shall be subject to a license tax, but that units so defined are not subject to ad valorem taxes. If the legislative definition of motor vehicles did not include a particular recreational vehicle-type unit, or did not cover recreational vehicle-type units which were, for example, stored in a taxpayer's backyard (but not permanently affixed to the land), then they apparently would no longer benefit from the protection of Art. VII, s. 1(b), State Const., and would be subject to ad valorem taxation as tangible personal property. Section 196.001, F.S. See AGO 057-88.
The memorandum to which you referred in your letter, insofar as it states that recreational vehicles are subject to license tax annually regardless of their use, was not in implementation of Ch. 72-339, Laws of Florida; rather, it was merely an expression of the status of the law. Cf., State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla. 1974).